NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1944
_____

MAMADEE KABA,
                                         Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A046-477-276)
Immigration Judge: Kuyomars Golparvar
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 11, 2024

Before: BIBAS, FREEMAN, and ROTH, *Circuit Judges*

(Filed: July 22, 2024)
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

Serious crimes trigger serious immigration consequences. Mamadee Kaba committed a crime of violence: first-degree robbery. That serious crime makes him removable.

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

A quarter-century ago, Kaba immigrated from Liberia to the United States, becoming a lawful permanent resident here. In 2010, he pleaded guilty to Pennsylvania first-degree robbery and was sentenced to five to ten years in prison. Soon after, the government started removal proceedings. Though Kaba admitted that his robbery conviction made him removable, Liberia did not issue him a passport. So he was released in the United States on parole from his state prison sentence.

When Kaba violated his parole, he was sent back to immigration custody. He moved to reopen his case, arguing that his robbery conviction did not count as a crime of violence. Both the immigration judge and the Board of Immigration Appeals disagreed. Kaba filed this petition for review of the Board's decision.

We have jurisdiction over this question of law and review it de novo. 8 U.S.C. § 1252(a)(1), (a)(2)(C)–(D); *Cheruku v. Att'y Gen.*, 662 F.3d 198, 202 (3d Cir. 2011). An alien is removable if he has been convicted of an "aggravated felony." § 1227(a)(2)(A)(iii). Aggravated felonies include any "crime of violence" punished by at least a year in prison. § 1101(a)(43)(F). A crime counts as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force." 18 U.S.C. § 16(a).

To decide whether Kaba was convicted of a crime of violence, we use the categorical approach. *Mathis v. United States*, 579 U.S. 500, 504 (2016). We "focus solely on whether the elements of the crime of conviction sufficiently match the elements of [a crime of violence], while ignoring the particular facts of the case." *Id.* And if the statute's structure is divisible, we compare those elements using a variant: the modified categorical approach. *Id.* at 505–06. That approach lets us look only at the relevant subsection of the statute of

conviction, instead of the entire statute, "to determine what crime, with what elements," Kaba was convicted of. *Id.* at 505.

Kaba's case is controlled by *United States v. Henderson*, 80 F.4th 207 (3d Cir. 2023). There, we held that Pennsylvania's first-degree robbery statute is divisible. *Id*. at 211–12. And we also held that the subsection under which Kaba was convicted, 18 Pa. Cons. Stat. §3701(a)(1)(ii), is a crime of violence. *Id.* at 212–15 (applying the Guidelines' similar but narrower definition of "crime of violence"). That subsection requires that "in the course of committing a theft, he … threaten[ed] another with or intentionally put[] him in fear of immediate serious bodily injury." §3701(a)(1)(ii). Threats of bodily injury involve possible physical force. *Henderson*, 80 F.4th at 212–13. And the crime's mental state ensures that the defendant acted intentionally, not recklessly. *Id.* at 213–15 (citing *Borden v. United States*, 593 U.S. 420, 434 (2021)). Though Kaba challenges *Henderson*, a panel of this Court cannot overrule it. So his first-degree robbery conviction under §3701(a)(1)(ii) was for a crime of violence.

Yet Kaba claims that the government offered no evidence that his conviction was under §3701(a)(1)(ii), as opposed to (i) or (iii). Not so. Kaba himself admitted to the facts contained in the 2011 notice to appear, which alleged that he had been convicted of four counts of robbery under §3701(a)(1)(ii). Because the Board correctly found that Kaba's conviction under that subparagraph was for a crime of violence, we will deny his petition for review.